UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIAW KIIR,<br><br>                    Petitioner,<br><br>    vs.<br><br>DARIN YOUNG; THE ATTORNEY<br>GENERAL OF THE STATE OF SOUTH<br>DAKOTA,<br><br>                    Respondents. | 4:19-CV-04056-KES<br><br><br>REPORT & RECOMMENDATION |

Petitioner, Diaw Kiir, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, has filed a petition for writ of habeas corpus. See Docket No. 1.  Mr. Kiir was convicted of several misdemeanor and felony crimes in South Dakota state court and sentenced in December, 2015.  See Docket No. 1.  Mr. Kiir seeks to collaterally attack his state court conviction.  Id.

## FACTS

**A.    Pre-Sentencing in State Court and First Federal Habeas**

The facts pertinent to Mr. Kiir's habeas petition are as follows.  He was convicted at a jury trial in South Dakota state court of two counts of simple assault against law enforcement (counts 2 & 3 of the indictment), possession of a controlled substance (count 5), possession of a controlled substance while armed (count 6), simple assault against law enforcement while armed (count 7), possession of a firearm with an altered serial number (count 8), possession of a

firearm by a person with one prior drug conviction (count 9), and grand theft (count 10).

After his conviction, but before he was sentenced, Mr. Kiir filed his first of three § 2254 petitions in this court on November 3, 2015. See Kiir v. Gromer, 4:15-cv-04168-KES, Docket No. 1 (D.S.D. 2015). The court dismissed Mr. Kiir's first federal habeas petition because Mr. Kiir filed the petition after he had been convicted in state court, but before the state courts had sentenced him. Id. at Docket Nos. 5, 10 & 11. In dismissing this first petition, the court explained that Mr. Kiir was first required to present in state circuit court and the South Dakota Supreme Court every claim he wished to present to this court in support of his petition. Id. Exhaustion of state remedies is required before a federal court may entertain a state prisoner's habeas petition. See 28 U.S.C. § 2254(b) & (c).

## B.    Sentencing, Appeal, and First State Habeas in State Court

Mr. Kiir was then sentenced in state court. He received 2 years' imprisonment on count 2, four years' imprisonment on counts 5 & 9, and 3 years' imprisonment on count 10, all to run concurrently. He was also sentenced to 10 years' imprisonment on count 6, with 3 years suspended, to run consecutive to the other sentences.

Mr. Kiir appealed his conviction and sentence to the South Dakota Supreme Court raising four issues: (1) whether his Sixth Amendment confrontation rights had been violated through the admission of certain hearsay statements, and (2)-(4) whether the evidence was sufficient to support

the verdicts against him on counts 5, 6, and 7.  <u>State v. Kiir</u>, 900 N.W.2d 290, 295 (S.D. 2017).  The court affirmed Mr. Kiir's conviction and sentence on all issues.  <u>Id.</u> at 299.

Thereafter, Mr. Kiir filed a habeas petition in South Dakota state court on December 29, 2017.  <u>See Kiir v. Young</u>, 4:18-cv-04096-KES, Docket No. 9-1 (D.S.D. 2018) (copy of Mr. Kiir's state court petition attached to respondent's memorandum in support of motion to dismiss).  In that state petition, Mr. Kiir raised the following issues:  (1) trial counsel was ineffective for failing to request that the jury be instructed on lesser included offenses, (2) trial counsel was ineffective for failing to move to dismiss the defective indictment, (3) trial counsel was ineffective for failing to object to the court's proposed jury instructions, (4) trial counsel was ineffective for failing to move for a judgment of acquittal, (5) trial counsel was ineffective for failing to move *in limine* to prevent argument or evidence that Mr. Kiir had committed the assaults with which he was charged, (6) appellate counsel was ineffective for failing to raise the above claims of ineffective assistance of trial counsel on appeal, and (7) appellate counsel was ineffective for failing to raise on appeal the trial court's denial of Mr. Kiir's motion to sever the trial on count 9 from the remaining counts of the indictment.  <u>Id.</u> at pp. 2-5.

## C.    Second Federal Habeas

While that state habeas petition was pending, Mr. Kiir filed his second § 2254 petition in this court on August 8, 2018, raising a confrontation clause issue ***not*** contained in his state court habeas petition.  <u>See Kiir v. Young</u>,

4:18-cv-4096-KES, Docket No. 1. The confrontation clause issue was exhausted, however, because Mr. Kiir raised the issue in his direct appeal. See State v. Kiir, 900 N.W.2d 290, 295 (S.D. 2017) (issue raised on direct appeal); Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992) (a state prisoner properly exhausts if he raises the issue in his direct appeal).

Respondent in the second federal habeas filed in 2018 filed a motion to dismiss explaining that Mr. Kiir's confrontation clause issue was properly before the court and argued that the claim should be dismissed on the merits. See Kiir, 4:18-cv-04096-KES, Docket No. 8. Respondent also explained to Mr. Kiir in the motion that if he proceeded and obtained a ruling from the court on the merits of his confrontation clause claim in his § 2254 petition, then he may be prohibited from later bringing his ineffective assistance of counsel claims (contained in his state habeas petition) to this court. Id. That is because Mr. Kiir's subsequent § 2254 petition containing the ineffective assistance claims would be a second or successive petition, requiring the permission of the Eighth Circuit Court of Appeals before it would be allowed to be filed. See 28 U.S.C. § 2244. Respondent explained this potential consequence to Mr. Kiir in the motion to dismiss. Id. Docket No. 9 at 10.

After receiving respondents' motion to dismiss explaining the above, Mr. Kiir first filed a motion to amend his federal complaint to bring *all* of his claims in his second § 2254 petition, including the then-unexhausted ineffective assistance of counsel claims. Id. at Docket No. 10. Thereafter, however, Mr. Kiir made a motion to voluntarily dismiss his federal petition,

4

explaining that he now understood he "was to bring all of my claims exhausted at one time." Id. at Docket Nos. 11 & 15.  The district court then dismissed Mr. Kiir's second federal habeas petition without prejudice for failure to exhaust.  Id. at Docket Nos. 17 & 18.

## D.    Third Federal Habeas Petition

Just a few short months later, Mr. Kiir filed this, his third § 2254 petition in federal court.  See Docket No. 1.  In the instant petition Mr. Kiir acknowledges filing his first habeas petition in state court, but he did not indicate whether the state circuit court or the state supreme court had ruled on the claims in his state petition.  See Docket No. 1 at pp. 3-5.  Now pending is respondents' motion to dismiss Mr. Kiir's third federal petition because it, too, contains unexhausted claims.  See Docket No. 8.  Mr. Kiir resists the motion.  See Docket Nos. 10 & 11.

Mr. Kiir asserts his trial counsel was ineffective because counsel did not move for a judgment of acquittal.  See Docket No. 1 at p. 5.  Mr. Kiir admits this claim is still pending before the state circuit court in his state habeas petition and that he is still "in the process of exhausting [his] state remedies." Id. at p. 20, ¶15; p. 21, ¶18..  He also asserts a claim that his Sixth Amendment confrontation rights were violated when he was deprived of the opportunity to confront the witnesses against him.  Id. at p. 11.

## DISCUSSION

On three separate occasions this court has patiently and in detail explained to Mr. Kiir the necessity that he fully and completely exhaust his

remedies in state court by presenting each of his claims to the state circuit court and then to the state supreme court.  Despite those explanations, Mr. Kiir has not heeded the advice.  The court sets forth that law once again herein.

There are a number of procedural rules that apply to an application for habeas relief by a state prisoner under § 2254.  Chief among them is the doctrine of state court exhaustion, which limits federal habeas review of state court convictions as follows:.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>> (A) the applicant has exhausted the remedies available in the courts of the state; or
>> (B)    (i) there is an absence of available State corrective process; or
>>          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c).  The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies.  See 28 U.S.C. § 2254(b).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  If a ground for relief in the petitioner's claim makes factual or legal arguments that were not

6

present in the petitioner's state claim, then the ground is not exhausted.

Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991).  The exhaustion

doctrine protects the state courts' role in enforcing federal law and prevents the

disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518

(1982).  The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government
> for a federal district court to upset a state court conviction without
> an opportunity to the state courts to correct a constitutional
> violation," federal courts apply the doctrine of comity, which
> "teaches that one court should defer action on causes properly
> within its jurisdiction until the courts of another sovereignty with
> concurrent powers, and already cognizant of the litigation, have
> had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).  The exhaustion rule requires state

prisoners to seek complete relief on all claims in state court prior to filing a writ

of habeas corpus in federal court.  Federal courts should, therefore, dismiss a

petition for a writ of habeas corpus that contains claims that the petitioner did

not exhaust at the state level.  See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.

The exhaustion requirement is waived "only in rare cases where exceptional

circumstances of peculiar urgency are shown to exist."  Mellott v. Purkett, 63

F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an

issue to the state courts in a federal constitutional context.  Satter v. Leapley,

977 F.2d 1259, 1262 (8th Cir. 1992).  "To satisfy exhaustion requirements, a

habeas petitioner who has, on direct appeal, raised a claim that is decided on

its merits need not raise it again in a state post-conviction proceeding."  Id.

"[S]tate prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The basis of respondent's motion to dismiss is that the ineffective assistance of counsel claim has—still—not been exhausted in state court. See Docket No. 8 & 9. Although the confrontation clause claim has been exhausted because it was presented by Mr. Kiir in his direct appeal to the South Dakota Supreme Court, his ineffective assistance of counsel claim has not been exhausted. It remains pending before the state courts.

Respondents present this court with two alternative bases for its motion to dismiss. First, respondents argue Mr. Kiir's confrontation clause claim may be addressed on the merits and should be dismissed with prejudice on the merits. See Docket No. 9 at pp. 12-17. And his second, unexhausted claim for ineffective assistance should be dismissed without prejudice for failure to exhaust. Id. at pp. 17-20. Alternatively, respondents urge the court to dismiss Mr. Kiir's entire petition as a mixed petition, containing exhausted and unexhausted claims. This magistrate judge respectfully recommends the latter course.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court addressed the problem of "mixed" petitions–habeas petitions presented to the federal district courts which contain both claims exhausted at the state

level and claims not exhausted at the state level.  The Supreme Court decided the district courts have discretion to stay a mixed petition while the petitioner returns to state court to present his unexhausted claims to the state court. The petitioner may then come back to federal court "for review of his perfected petition." Id. at 272.

In Rhines the Supreme Court reviewed the history of mixed habeas petitions in federal courts, beginning with Rose v. Lundy, 455 U.S. 509 (1982). In Lundy, the Court held a mixed petition should be dismissed without prejudice to allow the petitioner to return to state court to present the unexhausted claims.  The interests of comity and federalism dictate the state courts must have the first opportunity to decide the petitioner's claims.  Id. 455 U.S. at 518-19.  At the time the Court decided Lundy, however, the AEDPA statute of limitations did not exist and returning to federal court after state exhaustion could be accomplished "with relative ease."  Rhines, 544 U.S. at 274.  The passage of the AEDPA, however, "dramatically altered the landscape" for federal habeas corpus petitions.  Id.  The total exhaustion requirement remained (see 28 U.S.C. § 2254(b)(1)(A)), but AEDPA also imposed a one-year statute of limitations (see 28 U.S.C. § 2244(d)).

Rhines examined the interplay between the AEDPA's statute of limitations and Lundy's dismissal requirement: "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal court, and the district court dismisses it

9

under Lundy after the limitations period has expired, this will likely mean the termination of any federal review." Rhines, 544 U.S. at 275. As a result, some district courts fashioned a stay-and-abeyance procedure, staying a mixed petition and holding it in abeyance while the petitioner returned to state court to exhaust his previously unexhausted claims. When the unexhausted claims were resolved at the state level, the district court lifted the stay and allowed the petitioner to proceed with his federal habeas claim. Id. 544 U.S. at 275-76.

The Rhines Court ultimately approved the stay-and-abeyance procedure for mixed petitions, but only in limited circumstances. The Court explained:

> One of the [AEDPA's] purposes is to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases. AEDPA's 1-year limitations period quite plainly serves the well-recognized interest in finality of state-court judgments. It reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.
>
> Moreover, Congress enacted AEDPA against the backdrop of Lundy's total exhaustion requirement. The tolling provision in § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period by protecting a state prisoner's ability to later apply for federal habeas relief while state remedies are being pursued. AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a properly filed application for State post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). This scheme reinforces the importance of Lundy's simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.
>
> Stay and abeyance, if employed too frequently, had the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas

10

proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant a stay when his unexhausted claims were plainly meritless.

Even where a stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though generally, a prisoner's principal interest is in obtaining speedy federal relief on his claims, not all petitioners have an incentive to obtain federal relief as quickly as possible . . .

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

Rhines, 544 U.S. at 276-78 (citations omitted, punctuation altered).

This court recommends outright dismissal, without prejudice, of the entirety of Mr. Kiir's § 2254 petition. He has not shown good cause for failure to exhaust. Quite the contrary. Though he knows he must exhaust—he has admitted as much multiple times before this court in his three § 2254 petitions—he still filed this third petition without first exhausting. He offers no excuse for not having done so yet again.

In addition, it does not appear to this court that Mr. Kiir's AEDPA statute of limitations is in danger of expiring should this court dismiss and send

Mr. Kiir back to state court.  Petitions for habeas relief in federal court

collaterally attacking state court convictions are governed by the Antiterrorism

and Effective Death Penalty Act (AEDPA).  AEDPA contains a one-year statute

of limitations.   Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)**   **(1)** A 1-year period of limitation shall apply to an application
> for writ of habeas corpus by a person in custody pursuant to
> the judgment of a State court.  The limitation period shall run
> from the latest of:
>
>> **(A)** the date on which the judgment became final by
>> the conclusion of direct review or the expiration of the
>> time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an
>> application created by State action in violation the
>> Constitution or laws of the United States is removed, if
>> the applicant was prevented from filing by such State
>> action;
>>
>> **(C)** the date on which the constitutional right asserted
>> was initially recognized by the Supreme Court, if the
>> right has been newly recognized by the Supreme Court
>> and made retroactively applicable to cases on
>> collateral review;
>>
>> **(D)** the date on which the factual predicate of the claim
>> or claims presented could have been discovered
>> through the exercise of due diligence.
>
> **(2)**   The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the

statute of limitation period, at "(1) either the conclusion of all direct criminal

appeals in the state system, followed by either the completion or denial of

certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

Here, Mr. Kiir's AEDPA limitations period began to run 90 days after the South Dakota Supreme Court issued its decision on Mr. Kiir's direct appeal. That would have been on October 31, 2017. Mr. Kiir filed his first state habeas petition on December 29, 2017. See Kiir v. Young, 4:18-cv-04096-KES, Docket No. 9-1. The filing of that still-pending state habeas petition tolls the running of the AEDPA statute of limitations until the state courts issue a final ruling on that petition.

Only 59 days elapsed between the time Mr. Kiir's conviction became final and the time he filed his state habeas petition. Therefore, once the state courts issue a final decision on Mr. Kiir's state habeas petition, Mr. Kiir will still have 306 days left before his AEDPA statute of limitations runs to file in federal court. That is plenty of time—especially given Mr. Kiir's track record in this

14

court—for him to file a federal petition ***containing only fully exhausted claims***.

## CONCLUSION

This magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 8] on the grounds of failure to exhaust. Such dismissal should be without prejudice.

Additionally, the court recommends denying the following motions as moot:

--for evidentiary hearing [Docket No. 2];

--to proceed without prepayment of fees [Docket No. 5];

--to amend the § 2254 petition to add another unexhausted claim [Docket No. 7];

--to amend motion for evidentiary hearing [Docket No. 13].

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED April 19, 2019.          BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

15