UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DIAW KIIR,<br><br>    Petitioner,<br><br>vs.<br><br>DARIN YOUNG; THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>    Respondents. | 4:19-CV-04056-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  Petitioner, Diaw Kiir, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation and she recommended dismissing the petition without prejudice. Petitioner filed an objection to the report and recommendation. For the following reasons, the court adopts Magistrate Judge Duffy's report.

## PROCEDURAL HISTORY

  Kiir was convicted at a jury trial of two counts of simple assault against law enforcement, possession of a controlled substance, possession of a controlled substance while armed, simple assault against law enforcement while armed, possession of a firearm with an altered serial number, possession of a firearm by a person with one prior drug conviction, and grand theft. After he was convicted, but before he was sentenced, Kiir filed his first of three § 2254 petitions in this court on November 3, 3015. *See Kiir v. Gromer*, 4:15-

cv-04168-KES, Docket 1 (D.S.D. 2015). This court dismissed the petition explaining to Kiir that he needed to exhaust his state remedies before a federal court can entertain a state prisoner's habeas petition. *Id.*, Dockets 5, 10 and 11.

Kiir was then sentenced in state court. He appealed his conviction and sentence to the South Dakota Supreme Court raising four issues. His conviction and sentence on all issues were affirmed. *State v. Kiir*, 900 N.W.2d 290, 299 (S.D. 2017).

Kiir then filed a habeas petition in South Dakota state court raising multiple ineffective assistance of counsel claims. While that petition was pending, Kiir filed his second § 2254 petition in this court, raising a confrontation clause issue not contained in his state habeas petition. *See Kiir v. Young*, 4:18-cv-4096-KES, Docket 1. The confrontation clause issue was exhausted, because he raised the issue in his direct appeal. The federal petition, however, did not include his ineffective assistance of counsel claims. After respondent explained to Kiir that if he proceeded and obtained a ruling from the federal court on the merits of his confrontation clause claim, he may then be prohibited from later bringing his ineffective assistance of counsel claims in federal court because it would be a second or successive petition and the permission of the Eighth Circuit Court of Appeals would be required before he would be allowed to file another petition for habeas relief under 28 U.S.C. § 2254. *Id.*, Docket 9 at 10. Kiir subsequently made a motion to voluntarily dismiss his federal petition, stating that he now understood he "was to bring all

of my claims exhausted at one time." *Id.*, Dockets 11 and 15. The district court dismissed Kiir's second federal habeas petition without prejudice for failure to exhaust. *Id.*, Dockets 17 and 18.

This third § 2254 petition was filed by Kiir a few months later. Docket 1. Kiir now alleges both his ineffective assistance of counsel claims and his confrontation clause issue. *Id.* He acknowledges that his first habeas petition was filed in state court, but he does not indicate whether the state circuit court or the state supreme court have ruled on the claims in his state petition. *Id.* at 3-5. Respondents move to dismiss Kiir's third federal petition because it contains unexhausted claims. Docket 8. In Kiir's resistance to the motion, he admits his claim is still pending before the state circuit court and that he is "in the process of exhausting [his] state remedies." Docket 10 at 20-21.

Magistrate Judge Duffy recommends that respondents' motion to dismiss be granted because Kiir has failed to exhaust his state remedies and that the dismissal should be without prejudice. Kiir filed a timely objection to the report and recommendation and contends that it would be futile for him to return to the South Dakota Supreme Court. Docket 16 at 2, 4.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P. 72(b)

3

("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

A petitioner cannot pursue a federal habeas petition on an underlying state court conviction without exhausting his claims in state court first. 28 U.S.C. § 2254(b) and (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust an available state post-conviction remedy, the petitioner must "use the State's established appellate review procedures." *O'Sullivan*, 526 U.S. at 845. The federal habeas court must defer action until the claim is exhausted when a state court remedy is available for a state prisoner's unexhausted claim. *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005). But "if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default' (or actual innocence . . . )." *Id.* at 926 (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Kiir contends that it would be futile for him to return to state court on his ineffective assistance of trial counsel claim for failure to move for judgment

4

of acquittal on counts 6 and 7 because the South Dakota Supreme Court already found there was sufficient evidence to uphold his conviction on Count 7. Docket 16 at 2. To determine futility, the court does not hypothesize about how the South Dakota Supreme Court will rule. Rather the question is whether Kiir has a state court remedy that is available to him or whether Kiir is precluded from presenting this issue to the state court because of a procedural bar. Here, there is no procedural bar—in fact the issue is already pending before the state court. As a result, Kiir has a state court remedy and has not met his burden to show that it would be futile for him to return to state court to exhaust his state court remedies.

Because the court finds that Kiir has a mixed petition, the federal habeas court must defer action until the unexhausted claim is exhausted. *Armstrong*, 418 F.3d at 925. The action can be deferred either by dismissing the federal petition without prejudice or by using the "stay and abeyance procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005). Here, the court adopts the recommendation of Magistrate Judge Duffy to dismiss this matter without prejudice. This is the third petition that Kiir has filed without first exhausting. He offers no excuse for not exhausting and his Antiterrorism and Effective Death Penalty Act statute of limitations is not in danger of expiring before exhaustion is completed.

## CONCLUSION

This court has reviewed Magistrate Judge Duffy's report and recommendation and Kiir's objections de novo. This court adopts the report

5

and recommendation in full and dismisses Kiir's petition for relief without prejudice.

IT IS ORDERED that

1. Respondents' motion to dismiss (Docket 8) is granted without prejudice for failure to exhaust state remedies and the report and recommendation (Docket 15) is adopted in full.
2. Petitioner's motion for an evidentiary hearing (Docket 2) is denied as moot.
3. Petitioner's motion to proceed without prepayment of fees (Docket 5) is denied as moot.
4. Petitioner's motion to amend the § 2254 petition to add another unexhausted claim (Docket 7) is denied as moot.
5. Petitioner's amended motion for an evidentiary hearing (Docket 13) is denied as moot.

Dated July 22, 2019.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE